UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                              )
PATRICK PIRONE,               )
                              )
    Plaintiff                 )
                              )
v.                            )   Civil Action No.
                              )
SENTRY CREDIT, INC.           )
                              )
    Defendant                 )
                              )
_____)

## COMPLAINT

## JURISDICTION AND VENUE

1.   This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides in this District and the events giving rise to this action occurred here.

## PARTIES

2.   Plaintiff, PATRICK PIRONE, is an individual consumer residing in Winthrop, Suffolk County, Commonwealth of Massachusetts.

3.   Defendant, SENTRY CREDIT, INC., is believed to be corporation duly organized under the laws of WASHINGTON, and has its principal place of business at 2809 Grand Avenue, Everett, WA 98201.

4. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

5. Defendant regularly collects or attempts to collect debts for other parties.

6. Defendant is a "debt collector" as defined in the FDCPA.

7. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates paragraphs 1 through 8.

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant sought to collect a consumer debt from Plaintiff and called Plaintiff numerous times in an effort to collect said debt from in or around March 2012 to March 2013.

11. Defendant left the following message on Plaintiff's voice mail on his cellular telephone on or about the date stated:

January 24, 2013 at approximately 3:33 p.m. - Cellular Phone

Patrick, this is Jane Johnson calling from Sentry Credit, it's very important that we speak today, please call me at 425-740-5707…thank you.

2

12. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14. Defendant failed to inform Plaintiff in some of the messages that the communication was from a debt collector, failed to inform the Plaintiff of its name and failed to disclose the purpose of Defendant's messages.

15. Defendant knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

16. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone.

17. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

18. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

20. Plaintiff incorporates Paragraphs 1 through 20.

21. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act;

    b. Statutory damages pursuant to 15 U.S.C. section 1692k;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

22. Plaintiff incorporates Paragraphs 1 through 22.

23. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the

telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Declaratory judgment that the defendant's conduct violated the Fair Debt Collection Practices Act.

  b. Statutory damages pursuant to 15 U.S.C. section 1692k;

  c. Attorney's fees, litigation expenses and costs of suit; and

  d. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates Paragraphs 1 through 24.

25. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages for each violation of the TCPA;

    b.    Statutory damages for each knowing or willful violation of the TCPA;

    c.    Attorney's fees, litigation expenses and costs of suit; and

    d.    Such other or further relief as the Court deems proper.

PLAINTIFF
By his Attorneys,

/s/ Joseph W. Gruss
Joseph W. Gruss, Esq.
BBO#648109
2045 Centre Street
West Roxbury, MA 02132
Telephone: 617-323-3544
Facsimile: 617-323-3548
Email: subroatty@gmail.com

/s/ Christian A. Gonsalves
Christian A. Gonsalves, Esq.
BBO# 648326
Post Office Box 110
East Boston, MA 02128
Telephone: 617-970-1301
Facsimile: 617-207-4349
Email: gonsalveslaw@gmail.com

Dated: March 22, 2013.